IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

NATIONS FUND I, LLC,

        Plaintiff,

v.                                 CIVIL ACTION NO.   2:20-cv-00191

CUNNINGHAM ENERGY LLC,
and RYAN CUNNINGHAM,

        Defendants and Third-Party Plaintiffs,

v.

VESTA O&G HOLDINGS, LLC,
VESTA VFO, LLC,
RICK COTT, and
JOSHUA WILLIAM COLEMAN,

        Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Third-Party Defendants' Motion to Dismiss or For a Stay of Proceedings* (Document 28), the *Memorandum of Law in Support of Third-Party Defendants' Motion to Dismiss or For a Stay of Proceedings* (Document 29), and *Cunningham Energy LLC's and Ryan Cunningham's Response in Opposition to the Motion to Dismiss or For Stay of Proceedings* (Document 34).   For the reasons stated herein, the Court finds that the third-party claim should be dismissed.

The Plaintiff, Nations Fund, alleges that Defendants Cunningham Energy and Ryan Cunningham (collectively, "Cunningham") breached an equipment lease and lease guaranty by

defaulting on payments.  Cunningham filed a third-party complaint (Document 6) naming the following Defendants: Vesta O&G Holdings, LLC, Vesta VFO, LLC, Rick Cott, and Joshua William Coleman.

The third-party complaint alleges that Cunningham Energy and Vesta signed a Letter of Intent containing terms "wherein Vesta pledged to fund (i) Cunningham Energy's operating expenses, (ii) drilling expenses for seven new wells, and (iii) certain payable accounts" in return for the assignment of Cunningham Energy's oil and gas interests to Vesta's control and a royalty interest in the wells.  (Third Party Compl. at ¶ 9.)  It alleges that both parties performed some obligations under the Letter of Intent until Vesta withdrew funding and withdrew from the investment agreement beginning in March 2019.  Cunningham contends that it relied on the agreement with Vesta when it contracted with Nations Fund to provide drilling services.  Cunningham alleges breach of contract, asserting that "The Vesta entities and their agents promised as part of the Vesta's investment in Cunningham Energy oil and gas operations in West Virginia to pay certain expenses of Cunningham Energy including amounts allegedly due Plaintiff."  (*Id.* at ¶ 19.)  The third-party complaint also asserts causes of action for indemnity and contribution on the grounds that Vesta agreed to fund drilling expenses and extinguish accounts payable and that any damages or compensation Cunningham owes to Nations Fund resulted from the conduct of Vesta.

In a case previously filed in this district and pending in front of the Honorable Thomas Johnston, Cunningham alleges the same breach of the same contract(s), naming as defendants the same individuals and entities as the third-party Defendants herein.  *See*, Verified Complaint, *Cunningham Energy, LLC et al v. Vesta O & G Holdings, LLC, et al*, Civ. Action No. 2:20-cv-61,

Document 1.  The causes of action include breach of contract – first LOI [letter of intent], promissory estoppel, detrimental reliance, breach of implied duty of good faith and fair dealing, fraud in the inducement, misrepresentation, violation of the West Virginia Uniform Securities Act, violation of the Securities and Exchange Act, joint venture liability, piercing the corporate veil, preliminary injunction, breach of contract – second LOI and MOU [memorandum of understanding], fraud in the inducement – second LOI and MOU, and, in the alternative, TRO/Preliminary/Permanent Injunction.

Vesta moves to dismiss or stay the third-party complaint, arguing that it is duplicative of the previously filed action pending before Judge Johnston.   It contends that the two cases "involve the same parties, same issues, and same evidence," and that Judge Johnston has already made substantive rulings.  (Vesta Mem. at 3.)  Vesta further argues that, because the case pending before Judge Johnston seeks declaratory relief, it may more expeditiously resolve the threshold issue of whether a valid, enforceable contract between the parties exists.   It further cites the risk of inconsistent judgments if both cases proceed, as well as the harm to the interest of judicial economy.

Cunningham opposes dismissal or a stay of the third-party complaint.   It contends that the third-party complaint was properly filed under the rules.   Further, because the derivative claims in the third-party complaint "arise solely from Cunningham Energy's potential liability to Plaintiff," and Nations Fund is "not a party in the other federal court action," Cunningham contends that the third-party complaint "presents the only forum for Cunningham Energy to assert these derivative claims for indemnity and contribution."   (Cunningham Resp. at 2.)   Cunningham argues that Vesta is estopped from seeking dismissal of the third-party complaint on the basis that

"the other federal court action provides the best avenue to adjudicate the underlying claims" because "these same parties moved to dismiss the entirety of Cunningham Energy's Complaint in that action."   (*Id.* at 2–3.)   Cunningham asserts that it is "impermissible" to seek to avoid liability in both cases.[1]   (*Id.* at 3.)

Where duplicative or parallel actions are pending in multiple courts, under the "first filed" rule, courts should "giv[e] priority to the first suit absent showing a balance of convenience in favor of the second."   *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 300 (4th Cir. 2001) (unpublished); *McJunkin Corp. v. Cardinal Sys., Inc.*, 190 F. Supp. 2d 874, 876 (S.D. W. Va. 2002) (Haden, C.J.)   The first-filed rule may be applied to claims initiated in a third-party complaint.   *See, e.g.*, *Golden Corral Franchising Sys., Inc. v. GC of Vineland, LLC*, No. 5:19-CV-255-BO, 2020 WL 1312863, at *2 (E.D.N.C. Mar. 17, 2020) (transferring a duplicative suit to the court where a previously-filed third party claim based on the same agreements was pending).   The first-filed rule is equitable and need not be followed where there is evidence of bad faith, forum shopping, or an anticipatory filing in a less-favorable forum.   *Touchstone Research Lab., Ltd. v. Anchor Equip. Sales, Inc.*, 294 F. Supp. 2d 823, 826–27 (N.D.W. Va. 2003).   "Application of the first-filed rule requires a district court to dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier-filed action."   *J & M Distrib., Inc., v. Hearth & Home Techs., Inc.*, No. 5:12-CV-69, 2013 WL 12131600, at *2 (N.D.W. Va. Jan. 8, 2013).

As an initial matter, the Court, of course, rejects Cunningham's argument that Vesta cannot seek to dismiss this action as duplicative because it also seeks to dismiss the previously filed action on the merits.   One purpose of the first-filed rule is to ensure a single determination of the merits.

---

1 LOL.

4

Denial of liability does not preclude a party from making appropriate procedural motions, and Vesta's position that it did not breach an enforceable contract with Cunningham is hardly inconsistent with its position that it should not be required to defend two identical suits.

The Court finds that the third-party complaint is duplicative of the previously filed action pending before Judge Johnston.   The third-party complaint focuses only on those aspects of the relationship between Cunningham and Vesta that are relevant to Nations Fund, but both the third-party complaint and the earlier action arise from the same contractual dispute.   None of the issues that may weigh against application of the first-filed rule are applicable here, as Cunningham filed both the first federal action and this third-party claim in the Southern District of West Virginia, involving the same parties and counsel, and there is no indication of bad faith or gamesmanship. Any potential recovery Cunningham could gain through the third-party complaint is available should it prevail in the previous action, given that both actions are based on the same alleged contractual obligations.   Because the allegations and recovery sought in the earlier-filed federal action entirely encompass those in the third-party complaint, the Court finds that a stay, transfer, or consolidation would be futile.   Accordingly, Vesta's motion to dismiss should be granted.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Third-Party Defendants' Motion to Dismiss or For a Stay of Proceedings* (Document 28) be **GRANTED** and that the third-party complaint (Document 6) be **DISMISSED without prejudice**. The Court further **ORDERS** that Vesta O&G Holdings, LLC, Vesta VFO, LLC, Rick Cott, and Joshua William Coleman be **DISMISSED** from this action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 18, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA